IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1280-MJR-DGW |
| ) | |
| ZIEGGER, SERGEANT DUNN, SERGEANT) SHURZT, RICK HARRINGTON, C/O) LINDENBERG, M. A. MINER, E. QUAND,) J. BERDNER, C/O STEVE, J. HOOD, J.) PHILLIP, JASON REDNOUR, and JOHN) DOES 1-3, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the (First) Motion for Leave to Supplement the Complaint (Doc. 23) the (Second) Motion for Leave to Supplement (Doc. 24), and the Motion to Issue Summons (Doc. 25) filed by Plaintiff, David Robert Bentz. The Motions to Supplement are **DENIED WITH PREJUDICE** and the Motion to Issue Summons is **DENIED WITHOUT PREJUDICE.**

Plaintiff's complaint alleges that a variety of Defendants conspired to deprive him of adequate clothing and bedding in retaliation for filing grievances and lawsuit throughout September, October, November, 2013. Plaintiff's claims have been split into 9 counts alleging claims of retaliation, state law assault and battery, excessive force, civil conspiracy, negligence, and deliberate indifference (Doc. 9). In the First Motion for Leave to Supplement (Doc. 23), Plaintiff seeks to add additional claims of retaliation against Defendants Shurzt, Lindenberg, and

John Does 1-3. Plaintiff offers no details as to these additional claims of retaliation. Plaintiff also seeks to add as Defendants Kempfer, Zang, John Doe A, and John Doe B and claims they retaliated against him for filing lawsuits and grievances. This claim also is lacking in detail. The Motion does not include a proposed supplemental pleading. The Second Motion for Leave to Supplement (Doc. 24) appears to be the actual proposed supplemental pleading. Plaintiff outlines additional events that exhibit a conspiracy to retaliate against him for filing lawsuits/grievances that have occurred in January, 2014.

Leave to supplement will not be granted. Federal Rule of Civil Procedure 15(a)(2) provides that a pleading may be amended by leave of court and that "the court should give leave when justice so requires." Leave may be denied if "the moving party unjustifiably delayed in presenting its motion to the court, repeatedly failed to cure deficiencies, or if the amendment would be futile." *Gandhi v. Sitara Capital Management, LLC.*, 721 F.3d 865, 868-869 (7th Cir. 2013). Rule 15(d) further allows that the Court, "on just terms, permit" supplemental pleadings that would set forth "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff does not seek to supplement – rather, he seeks to amend the complaint in order to add new Defendants and claims that arose in January 2014. The Court notes that this matter already alleges 9 separate counts against 12 Defendants. Adding additional Counts and Defendants, even at this early stage in the litigation will unnecessarily complicate these matters. The Court also notes that there could not be enough time between the events described in the supplemental pleading and February 14, 2014 (when Plaintiff's Motions were filed), for Plaintiff to have grieved the events that he describes. While exhaustion of administrative remedies is an affirmative defense that may be waived, the Court is mindful that Plaintiff can plead himself out of Court by alleging facts that would prove the defense. Moreover,

Plaintiff asserts that he apparently received clothing and bedding on December 31, 2013.  The Complaint's central theme is that Plaintiff had been denied clothing and bedding for 3 months.  The date on which he received these items (even though he didn't receive everything that he wanted), then, appears to be convenient terminus of his claims.  These Motions (Docs. 23 and 24) are accordingly **DENIED WITH PREJUDICE**.

To the extent that Plaintiff seeks to replace a John Doe Defendant with a named Defendant, he shall file a Motion to Amend and shall submit a complete proposed amended pleading.

Plaintiff also requests the issuance of summons in this matter.  The Court notes that Waivers of Service were submitted to Defendants on January 15, 2014 and that they have not been returned by the February 14, 2014 deadline.  The Court is currently inquiring as to the status of the waivers and will issue summons, *sua sponte*, if necessary.  This Motion (Doc. 25) is accordingly **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: March 3, 2014**

                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**