IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1280-NJR-DGW |
| ) | |
| ZIEGGER, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Temporary Restraining Order and/or Preliminary Injunction filed by Plaintiff, David Robert Bentz, on April 6, 2015 (Doc. 70).  For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

#### FINDINGS OF FACT

On December 12, 2013, Plaintiff filed a Complaint alleging that he has been denied adequate living conditions and that he is being retaliated against by staff at the Menard Correctional Center where he is currently housed (Doc. 1).  The events giving rise to the Complaint began in September, 2013, when Plaintiff was directed to change cells.  During the cell change, certain clothing and bedding (in addition to legal material) were allegedly confiscated and then discarded by some of Defendants.  Plaintiff alleges that the items were not replaced throughout the winter months despite his repeated requests to various other Defendants.  He was

unable to participate in recreation/outdoor time because of the cold temperatures and lack of adequate clothing. He also did not have a change of clothes or appropriate bedding. Plaintiff alleges that the Defendants acted in a conspiracy to deprive him of these necessities because Plaintiff is pursuing various lawsuits and has filed various grievances. Plaintiff also recounts instances when he was assaulted by one or more of Defendants during this time period. Plaintiff has been permitted to proceed on nine counts that include retaliation, assault and battery, excessive force, civil conspiracy, deliberate indifference, and negligence (Doc. 9).

In the pending Motion for injunctive relief, Plaintiff seeks relief against one Defendant, Joshua Berner.[1] Plaintiff states that Defendant Berner has been reassigned to his housing unit and that "threats of Joshua Berner have started back up and continue to this day ever since Berner has been assigned to the same cell house and/or gallery as I reside . . ." (Doc. 70, p. 6). Plaintiff offers no further detail other than a statement that Defendant Berner has "shown a continuing/ongoing pattern of acting on his threats of retaliation and causing injuries to this Plaintiff" (*Id.* p. 70).

## CONCLUSIONS OF LAW

Plaintiff seeks (or at least alternatively seeks) both a temporary restraining order and a preliminary injunction. The major difference between the two remedies is that the former is issued prior to notice to an adverse party. A temporary restraining order should not issue in this matter because Plaintiff has not presented an affidavit as required by Federal Rule of Civil Procedure 65(b)(1)(A). In addition, Defendants have been notified of the request for injunctive relief by the docketing of the Motion. Plaintiff, therefore, is not entitled to a temporary

---

[1] According to the Screening Order (Doc. 9): "On September 20, 2013, while Plaintiff was returning to his cell from the chow hall, Defendant [Berner] spit in his face and called him a 'bitch' [ ]." This Defendant also participated in the confiscation of Plaintiff's property and assaulted Plaintiff a couple of days later.

restraining order.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Plaintiff has not made a clear showing that he is entitled to relief. Plaintiff states that Defendant Berner has recently been transferred to his housing unit. He then vaguely states that Defendant Berner has made unspecified threats on unspecified dates regarding unspecified topics.

Plaintiff then indicates that Defendant Berner has a history of following through on verbal threats with unspecified actions. Plaintiff has not shown that he will suffer irreparable harm because he does not provide any detail as to the nature of the actions that he seeks to enjoin. Plaintiff has offered no persuasive reason why a preliminary injunction should issue in this case.

### RECOMMENDATIONS

For the reasons set forth above, it is **RECOMMENDED** that the Motion for Temporary Restraining Order and/or Preliminary Injunction filed by Plaintiff, David Robert Bentz, on April 6, 2015 (Doc. 70) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 14, 2015**

                                      **DONALD G. WILKERSON**
                                      **United States Magistrate Judge**