IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID ROBERT BENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1280-NJR-DGW |
| | ) | |
| ZIEGGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Second Motion for Temporary Restraining Order and/or Preliminary Injunction (entitled "Supplemental Motion to Plaintiff's Motion for T.R.O. and/or Preliminary Injunction D/E #70") filed by Plaintiff, David Robert Bentz, on April 16, 2015 (Doc. 73). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The background of this case was set forth in this Court's April 14, 2015 Report and Recommendation (Doc. 72) and will not be repeated here. After this Court issued the previous Report and Recommendation, Plaintiff filed the pending "supplement," which again makes vague assertions of assault, retaliation, and threats. The supplement, however, relays one event that occurred on April 8, 2015 (after Plaintiff filed his original motion for injunctive relief (Doc. 70)). Therefore, it is not adding to or explaining the allegations made in the previous motion for

injunctive relief (which were vague) but rather is a new request for relief.   Accordingly, it is construed as a second motion for injunctive relief.

Plaintiff states that Defendant Berner retaliated against him by issuing a shakedown slip. He attaches the shakedown slip to the motion; however, it is unreadable.   He further states that on that same day, Defendant Berner told him that he would be changing cells.   He handcuffed Plaintiff, placed him in a shower area, and then threw his property boxes down a flight of stairs (Plaintiff heard it).   Plaintiff alleges that Defendant broke his property (including a LCD TV screen) and took his clothing, bedding, and legal work during the transfer.   Plaintiff states that Defendant Berner told him that he was taking these actions in retaliation for Plaintiff filing lawsuits.   Plaintiff wants a return of his clothing and bedding and legal material.   He also wants his damaged personal property to be fixed or replaced.

Attached to the Motion is a grievance, a response from the prison, and a response from the Administrative Review Board dated from August 2014 through December 2014.   The documents indicate that Plaintiff grieved his access to excess storage (where additional legal papers are kept that cannot be stored in Plaintiff's cell) but did not in fact request access during that time period. Also attached is the affidavit of another inmate, Brett L. Sharp, who states that he heard Defendant Berner tell Plaintiff that he should "expect a lot of future problems and that he, Officer Berner, was retaliating against Bentz because of recent legal action . . . ." (Doc. 73, p. 6).   Mr. Sharp also stated that Defendant Berner admitted to throwing Plaintiff's property down a flight of steps and that he had taken other property and legal documents and that he had recommended that the legal documents be placed in the trash (*Id.* at 7).

At a hearing held on October 22, 2015, Defendants informed the Court that Plaintiff no longer was housed on the gallery that is assigned to Defendant Berner.   While Plaintiff points out

that there is no guarantee that he will not have future contact with Defendant Berner, he noted that he had not seen him for at least a month.   Plaintiff further stated that while the lost clothing is no longer an issue, his access to legal material is still a problem.   Upon questioning, Plaintiff admitted that he did not see Defendant Berner destroy or throw away his legal material (although he indicates that Defendant Berner told him that he would do so, and that he was specifically doing it in retaliation).   The hearing made clear that Plaintiff's main concern was access to the legal material that is kept in an excess storage location in the jail.   Defendants state that Plaintiff is only allowed one "correspondence" box in his cell which contains papers (correspondence, legal papers, and other papers).   If Plaintiff has more papers than can fit in the box, then the excess is stored in storage boxes located within the prison (and perhaps in the law library).   An inmate must request access to the excess storage boxes and generally may make a requests once-per-week.   Access to the boxes is made based on the needs of the facility and the inmate.   There is no showing that Defendant Berner has any control over an inmate's access to excess legal storage.

### CONCLUSIONS OF LAW

Plaintiff seeks (or at least alternatively seeks) both a temporary restraining order and a preliminary injunction.   The major difference between the two remedies is that the former is issued prior to notice to an adverse party.   A temporary restraining order should not issue in this matter because Plaintiff has not presented an affidavit as required by Federal Rule of Civil Procedure 65(b)(1)(A).   In addition, Defendants have been notified of the request for injunctive relief by the docketing of the Motion.   Plaintiff, therefore, is not entitled to a temporary restraining order.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief.   *Mazurek v. Armstrong*, 520 U.S. 968, 972

(1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)).   The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."   *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).   Plaintiff has the burden of demonstrating:

> 1. a reasonable likelihood of success on the merits;
> 2. no adequate remedy at law; and
> 3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).   As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning."   *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).   Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest."   *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).   In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm."   18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Besides vaguely indicating that he is subject to threats and assaults, Plaintiff again offers no details of when these threats occurred (except as to the threat of retaliation) or when/if he will be subject to any physical assaults.   Plaintiff accordingly has not shown that he will be subjected to irreparable harm.

With respect to the destroyed or damaged property, Plaintiff has an adequate remedy at law because he can file a claim with the Illinois Court of Claims.   Plaintiff has withdrawn his request

for injunctive relief as to lost clothing (and therefore any conditions of confinement claim).

The only issue that remains, then, is whether he is entitled to any injunctive relief as to the loss of legal papers.   From the filings and the hearing, it appears that Plaintiff, who has multiple cases pending in this district alone, has a vast amount of written legal material.   He is only allowed to keep such items in one box in his cell.   The remainder is placed in excess legal storage and he has access to them once per week upon request.   The Court finds that there is no evidence that *any* of his legal documents were destroyed and it is more likely that they were placed in storage due to IDOC policies.   For this reason, this Court finds, at this stage of the proceedings and only in connection with the request for injunctive relief, that Plaintiff will not prevail on the merits of his retaliation claims.   Plaintiff also has an adequate remedy outside of the extraordinary remedy of injunctive relief – he can request access to his excess storage and he can expedite those requests by showing officials that he has a Court imposed deadline.   Finally, there is no showing that Defendant Berner has any authority over when Plaintiff may visit his excess storage.

The hearing also revealed that Plaintiff no longer is housed in Defendant Berner's cellhouse and that he has not seen him for at least a month.   There is no evidence that Plaintiff will again be placed in the same cellhouse as Defendant Berner.   While the Court acknowledges that Plaintiff is claiming that these actions were taken in retaliation for the exercise of his First Amendment rights, Plaintiff has already made such claims in this lawsuit and there appears to be no reason to advance the trial in this matter.   There is simply no showing of irreparable harm that would justify the drastic remedy of injunctive relief.

### RECOMMENDATIONS

For the reasons set forth above, it is **RECOMMENDED** that the Second Motion for Temporary Restraining Order and/or Preliminary Injunction filed by Plaintiff, David Robert

Bentz, on April 16, 2015 (Doc. 73) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: October 26, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**