IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ROBERT BENTZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:13-CV-01280-NJR-DGW |
| ) | |
| **ZIEGGER, SERGEANT DUNN, SERGEANT SHURTZ, RICK HARRINGTON, CORRECTIONAL OFFICER LINDENBERG, MA MINER, CORRECTIONAL OFFICER DAVIS, E QUAND, J BERNER, J HOOD , J PHILLIP, JASON REDNOUR, and JACKIE STUEVE ,** ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 72), which recommends denial of the Motion for Temporary Restraining Order and/or Preliminary Injunction filed by Plaintiff on April 6, 2015 (Doc. 70). Plaintiff then filed a second motion titled "Second Motion for Temporary Restraining Order and/or Preliminary Injunction" on April 16, 2015 (Doc. 73). United States Magistrate Judge Wilkerson issued a Report and Recommendation on this motion on October 26, 2015 (Doc. 98).

### BACKGROUND

Plaintiff, an inmate at Menard Correctional Center ("Menard"), filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 on December 12, 2013. Plaintiff alleges that he has

been denied adequate living conditions and that he is being retaliated against by the staff at Menard (Doc. 1). The events giving rise to the complaint began in September 2013, when Plaintiff was directed to change cells. During the cell change, certain clothing and bedding (in addition to legal materials) were allegedly confiscated and then discarded by some of the Defendants. Plaintiff alleges that the items were not replaced throughout the winter months despite his repeated requests to various other Defendants. As a result, he was unable to participate in recreation/outdoor time because of the cold temperatures and lack of adequate clothing. He also did not have a change of clothes or appropriate bedding. Plaintiff alleges that the Defendants acted in a conspiracy to deprive him of these necessities because Plaintiff is pursuing various lawsuits and has filed various grievances. Plaintiff also recounts instances when he was assaulted by one or more Defendants during this time period. Plaintiff has been permitted to proceed on nine counts:

> **Count 1:** Retaliation claim against Defendant Berner for spitting in Plaintiff's face on September 20, 2013 after Plaintiff sued him in a previous federal civil rights case;
>
> **Count 2:** State tort assault and battery claim against Defendant Berner for the September 20, 2013 spitting incident;
>
> **Count 3:** Excessive force claim against Defendant Miner for shoving Plaintiff into a door frame on September 27, 2013, and against Defendants Berner, Quand, Steve, Dunn, and John Does #1 and #2 for failing to protect Plaintiff from Defendant Miner's action and for pushing Plaintiff;
>
> **Count 4:** State tort assault and battery claim against Defendants Miner, Berner, Quand, Steve, Dunn, and John Does #1 and #2, for the conduct described in Count 3;
>
> **Count 5:** Retaliation claim against Defendants Berner, Quand, Miner, Steve, Dunn, and John Does #1 and #2 for confiscating and destroying Plaintiff's clothing, bedding, legal materials and documents, and other

personal effects on September 27, 2013, after Plaintiff sued and filed complaints against Defendant Berner and other Menard officials;

**Count 6:** Civil conspiracy claim under § 1983 against Defendants Berner, Quand, Miner, Steve, Dunn, and John Does #1 and #2, for acting together in an attempt to prevent Plaintiff from pursuing his legal actions against prison officials, by destroying his legal materials and documents on September 27, 2013;

**Count 7:** Retaliation claim against Defendant John Doe #3, and Defendants Hood, Lindenberg, Ziegger, Shurzt, Phillip, and Rednour, for denying Plaintiff replacement clothing and bedding from September 27 through at least November 2013, because of his activity in filing lawsuits and complaints against Menard staff;

**Count 8:** Eighth Amendment deliberate indifference claims for denying Plaintiff adequate clothing to protect him from the cold, thus depriving him of the opportunity for outdoor exercise, and for failing to provide sufficient clothing and linens to meet his basic hygiene needs, from September 27 through at least November 2013, against Defendant John Doe #3, and Defendants Hood, Lindenberg, Ziegger, Shurzt, Phillip, and Rednour;

**Count 9:** State law tort claim for negligence for the conduct described in Count 8, against Defendant John Doe #3, and Defendants Hood, Lindenberg, Ziegger, Shurzt, Phillip, and Rednour.

Based off of these claims, Plaintiff filed two separate motions for injunctive relief. Magistrate Judge Wilkerson issued a Report and Recommendation for each (Docs. 72, 98). For the reasons set forth below the Court adopts the findings in both Reports and Recommendations.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 737(b)(1)(B),(C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *See also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the

magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id*. (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)). Where neither timely nor specific objections to the Report and Recommendation are made, however, pursuant to 28 U.S.C. 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

### A. Plaintiff's first motion for injunctive relief

In Plaintiff's first motion for injunctive relief, he seeks relief against one Defendant, Joshua Berner. Plaintiff states that Defendant Berner has be reassigned to his housing unit and that "threats of Joshua Berner have started back up and continue to this day ever since Berner has been assigned to the same cell house and/or gallery as I reside…" (Doc. 70, p. 6). Plaintiff offered no further detail in this motion other than that Defendant Berner has "shown a continuing/ongoing pattern of acting on his threats of retaliation and causing injuries to this Plaintiff."

Plaintiff filed a timely objection to this Report and Recommendation (Doc. 74). While Plaintiff's objection is very vague, he does state that Defendant Berner retaliated against him on April 8, 2015, after he filed his second motion for injunctive relief. But the specifics of this retaliation end there. Plaintiff fails to provide the Court with any detail of what specific actions Defendant Berner took in retaliation against him.

As stated in the Report and Recommendation, the standard to receive a preliminary injunction or a temporary restraining order is a high one. The Court finds

Plaintiff's arguments in his objection to be unavailing. In order for Plaintiff to meet his burden, he would have to plead with more specificity the exact actions taken by Defendant Berner. Thus, Plaintiff does not meet his burden of proof to receive a preliminary injunction or a temporary restraining order.

### B. Plaintiff's second motion for injunctive relief

Plaintiff subsequently filed a second Motion for injunctive relief. In this motion, Plaintiff discusses a specific event that allegedly occurred on April 8, 2015. Plaintiff states that Defendant Berner retaliated against him by issuing a shakedown slip, which he attached to his motion. On this same day, Defendant Berner told Plaintiff he would be changing cells. He handcuffed Plaintiff and placed him in a shower, and he threw his belongings down a stair case (Plaintiff heard this). Plaintiff claims that Defendant Berner took his property including clothing, bedding, and legal paperwork, in addition to breaking his property, which included an LCD TV screen.

A grievance, a response from the prison, and a response from the Administrative Review Board ("ARB") dated from August 2014 through December 2014 are attached to this Motion. The grievance indicates that Plaintiff was not allowed access to excess storage where his additional legal papers were kept, however, Plaintiff did not request access to his excess legal papers in this timeframe. Plaintiff also attached an affidavit of fellow inmate Brett L. Sharp. Mr. Sharp states he heard Defendant Berner tell Plaintiff that he should "expect a lot of future problems and that he, Officer Berner, was retaliating against Bentz because of recent legal action…." (Doc. 73). The affidavit additionally states that Defendant Berner admitted to throwing Plaintiff's belongings

down the stairs, in addition to taking Plaintiff's property and recommending that Plaintiff's legal materials be thrown in the trash.

A hearing was held before Magistrate Judge Wilkerson in which Plaintiff stated that he was no longer housed in the gallery that is assigned to Defendant Berner, but emphasized that there is no guarantee that he will not have future contact with Defendant Berner. Plaintiff indicated that he has not seen Defendant Berner for at least a month. Plaintiff further stated that his clothing is no longer an issue, but his legal materials remain an issue. Plaintiff stated that he did not witness Defendant Berner throw away or destroy his legal materials. In the hearing, Plaintiff made clear that his main concern was his access to the legal materials that are kept in excess storage within the jail. If Plaintiff has more than one correspondence box, the maximum amount allowed in his cell, he is permitted to make one weekly request to have access to his excess storage boxes. There is no indication that Defendant Berner has any authority over when or if Plaintiff receives access to his excess legal storage.

No objections were made to this Report and Recommendation. The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson carefully laid out the documentary and testimonial evidence and thoroughly discussed his conclusion that Plaintiff is not entitled to injunctive relief. The Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson regarding the issues of a preliminary injunction and a temporary restraining order.

## CONCLUSION

Accordingly, the Court **ADOPTS** the Report and Recommendation filed by Magistrate Judge Wilkerson on April 14, 2015 (Doc. 72) and the Report and Recommendation filed by Magistrate Judge Wilkerson on October 26, 2015 (Doc. 98), and **DENIES** Plaintiff's motions for injunctive relief (Docs. 70, 73).

    IT IS SO ORDERED.

    DATED:   **January 11, 2016**

                                             _s/ Nancy J. Rosenstengel__
                                             **NANCY J. ROSENSTENGEL**
                                             **United States District Judge**